**In the Matter of the CARE AND TREATMENT OF Timothy G. SMITH,**

**Timothy G. Smith, Respondent–Appellant,**

v.

**State of Missouri, Petitioner–Respondent.**

**No. 24580.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 29, 2002.

---

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

No appearance for respondent.

PHILLIP R. GARRISON, Judge.

Timothy G. Smith ("Smith") appeals from a judgment entered following a jury verdict finding Smith to be a sexually violent predator ("SVP") and committing Smith to the Missouri Department of Mental Health pursuant to Sections 632.480 et. seq.[1]  Smith argues, inter alia, that the recent decision of the Missouri Supreme Court in *In the Matter of the Care and Treatment of Thomas,* 74 S.W.3d 789 (Mo. banc 2002), mandates that the judgment be reversed and that Smith be granted a new trial, with directions to the trial court concerning jury instructions.  We agree.

On June 3, 1996, Smith pleaded guilty to child molestation, in violation of Section 566.067.  On July 17, 2000, approximately one week prior to Smith's scheduled release from prison, the State filed a petition seeking to have Smith declared an SVP and committed to the custody of the Missouri Department of Mental Health, pursuant to Sections 632.480 et seq.  Trial of the State's petition commenced on June 12, 2001.  At the close of the evidence on June 14, 2001, Smith proffered to the trial court three separate jury instructions that would have required that, in order to find that he is an SVP, the jury must find that Smith lacked the ability to control his behavior.  The trial court rejected these instructions in favor of an instruction that included no such requirement.  On July 14, 2001, the jury returned a verdict finding Smith to be an SVP. On June 16, 2001, the trial court entered a judgment pursuant to the jury's verdict and committed Smith to the custody of the Missouri Department of Mental Health.  This appeal followed.

In his sole point relied on, Smith argues that the trial court erred in refusing his proffered jury instructions.  Those instructions would have informed the jury that, as a predicate to finding Smith to be an SVP, the law requires a determination that Smith has serious difficulty in controlling his sexually violent behavior.  Smith relies in part upon the recent Missouri

1.  All references to statutes are to RSMo 2000, unless otherwise indicated.

Supreme Court opinion in *Thomas,* which consolidated the appeals of two convicted sex offenders who had been committed to the Missouri Department of Mental Health. The court in *Thomas* addressed both the constitutionality of Missouri's SVP statute and the propriety of jury instructions identical to the instructions given to the jury in the instant case. In doing so the court focused its attention on two United States Supreme Court cases, *Kansas v. Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), and *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), both of which considered the constitutionality of a Kansas statute identical in all relevant respects to Missouri's SVR statute. On the basis of the United States Supreme Court's treatment of the Kansas statute, the court in *Thomas* held that, in order to pass muster, a jury instruction defining mental abnormaility in a case brought under Sections 632.480 et seq. "must require that the 'degree' to which the person cannot control his behavior is 'serious difficulty.'" *Thomas* at 791. The court went on to hold that

> [t]o comply with *Crane,* the instruction defining mental abnormality must read as follows:
>
>> As used in this instruction, 'mental abnormality' means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to commit sexually violent offenses in a degree *that causes the individual serious difficulty in controlling his behavior.*

*Id.* at 792 (emphasis in original). Smith correctly notes the analogy between the instructions found to be deficient in *Thomas* and the instructions given in the instant case. In this case, the instruction given defined "mental abnormality" as a "congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree *constituting such person a menace to the health and safety of others.*" (Emphasis added.)

The State filed no reply brief in this case. In similar cases that have been appealed since or during the pendency of *Thomas,* the State has filed motions in the western district of this court seeking remand of the cases for new trial in light of the actual or presumed decision in *Thomas.* These motions have been granted. *See In the Matter of the Care and Treatment of Kenneth Acosta,* No. 60411 (W.D. July 10, 2002); *In the Matter of the Care and Treatment of Timothy Donaldson,* No. 60352 (W.D. July 10, 2002); *In the Matter of the Care and Treatment of Elroy W. Key,* No. 60308 (W.D. July 10, 2002). This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court. Mo. Const. Art. V, Sec. 2; *In re Marriage of Eikermann,* 48 S.W.3d 605, 609 (Mo.App. S.D.2001) (citing *State ex rel. FAG Bearings Corp. v. Perigo,* 8 S.W.3d 118, 123 (Mo.App. S.D.1999)). On the basis of the opinion in *Thomas,* the judgment of the trial court is reversed, and the case is remanded for new trial with directions that the jury be instructed in accordance with the Supreme Court's holding in *Thomas.*

MONTGOMERY, P.J., and BARNEY, J.,—concur.