[EDITORS' NOTE: REVIEW GRANTED BY THE CALIFORNIA SUPREME COURT; PURSUANT TO RULES 976, 976.1 and 979 OF THE CALIFORNIA RULES OF COURT, THIS OPINION IS NOT CERTIFIED FOR PUBLICATION. THE SHADED TEXT BELOW REPRESENTS THE ORIGINAL OPINION AND IS PROVIDED FOR REFERENCE PURPOSES ONLY.]
The Sexually Violent Predator Act (Welf. Inst. Code, §6600 et seq.) provides that, when the director of the Department of *Page 1662 
Corrections determines that a state prisoner may be a sexually violent predator, "the director shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation" to "determine whether the person is a sexually violent predator [SVP] as defined in [the act]." (Welf. Inst. Code, § 6601, subds. (a)(1) (c).) If, in a court or jury trial, the inmate is found to be an SVP, he or she may be committed for two years to the custody of the Department of Mental Health for appropriate treatment and confinement in a secure facility upon expiration of the prison term. (Welf. Inst. Code, §6604)
To establish that the inmate is an SVP, the People must prove beyond a reasonable doubt that the inmate (1) "has been convicted of a sexually violent offense against two or more victims," and (2) "has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (Welf. Inst. Code, §§6600, subd. (a), 6604.)
The question presented in this appeal is whether defendant Norman Yartz's conviction in 1978 resulting from a no contest plea entered in accordance with Penal Code section 1016, subdivision 3, as that section read in 1978, may be used in a subsequent SVP proceeding to prove that defendant has been convicted of a sexually violent offense against two or more victims. (Further section references are to the Penal Code unless otherwise specified.) The answer is "no."
As we will explain, when defendant pled no contest in 1978 to committing a lewd or lascivious act on a child under the age of 14, former section 1016, subdivision 3, specified that his no contest plea and the factual basis thereof could not be used as an admission against him in any civil suit "based upon or growing out of the act upon which the criminal prosecution is based." Since the subsequent SVP proceeding against defendant is a civil action based upon or growing out of his lewd or lascivious act in 1978, his plea of no contest cannot be used against him to establish an element necessary for an SVP commitment. The fact that former section 1016 was amended in 1982 to provide that a plea of no contest to a felony shall be treated as a plea of guilty "for all purposes" does not compel a different result because the amendment was not retroactive. Accordingly, we must reverse the order committing defendant to the Department of Mental Health as an SVP.
 DISCUSSION
The People filed a petition to have defendant adjudged an SVP on the grounds that (1) he had been convicted of a sexually violent offense against *Page 1663 
two or more victims, and (2) he had a mental disorder that made it likely he would engage in sexually violent criminal behavior against others if he were released from custody. (Welf. Inst. Code, §6600, subd. (a).) The petition alleged that defendant had two prior convictions for violating section 288, one in 1978 and the other in 1985, against separate victims.
Defendant moved to exclude evidence of his conviction in 1978. He argued that, because the conviction was based upon a no contest plea, its use in a later civil suit, including this SVP proceeding, is prohibited by former section 1016, subdivision 3, as that section read in 1978. The trial court denied the motion. A jury found that defendant was an SVP, and the court committed him to the Department of Mental Health for two years of treatment.
Defendant contends the trial court erred in ruling that his section288 conviction in 1978 could be used in this SVP proceeding to satisfy the People's burden of proving he has been convicted of a sexually violent offense against two or more victims. This is so, he argues, because when he was convicted in 1978 based on his plea of no contest, former section 1016, subdivision 3, stated that his plea could not be used against him as an admission in a civil suit, like this SVP proceeding, growing out of the act upon which his criminal prosecution was based.
The People retort that an SVP proceeding is not a civil suit within the meaning of former section 1016, subdivision 3, and, in any event, an amendment to section 1016 in 1982 made defendant's earlier conviction admissible in this SVP proceeding.
Defendant's legal position prevails for reasons that follow.
 A
Section 1016 sets forth six pleas that may be entered to an accusatory pleading, including a plea of no contest.[1] From 1964 through 1982, subdivision 3 of section 1016 stated that the "legal effect of [a plea of no contest] shall be the same as that of a plea of guilty, but the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of and factual basis for the plea may not be used against the defendant as an admission in any civilsuit based upon or growing out of the act upon which the criminalprosecution is based." (Stats. 1976, ch. 1088, § 1, p. 4931, italics added; Stats. 1975, ch. 687, § 1, p. 1635; Stats. 1963, ch. 2128, § 1, p. 4418.) *Page 1664 
An SVP proceeding is a civil action. (Leake v. Superior Court (2001)87 Cal.App.4th 675, 680.) Nevertheless, the People claim an SVP proceeding is not a civil suit "based upon or growing out of the act upon which [defendant's] criminal prosecution [in 1978] is based." (Quoting former § 1016, subd. 3.) In their view, an SVP proceeding is "based primarily on [defendant's] current mental state plus the additional fact that he suffered two prior convictions, one of which followed a no contest plea." (Orig. italics.) But the prohibition of section 1016, subdivision 3, is not limited to civil suits based "primarily" or "solely" on the criminal act for which the party was prosecuted. Rather, it applies to any civil suit "based upon or growing out of" the party's criminal act.
Certainly, it must be said that an SVP proceeding which relies in part on defendant's earlier conviction for violating section 288
necessarily is a civil action based upon or growing out of the act upon which that criminal prosecution was based.
As we have pointed out, to establish that defendant is an SVP, the People must prove, among other things, he "has been convicted of a sexually violent offense against two or more victims." (Welf. 
Inst. Code, § 6600, subd. (a).) "Sexually violent offense" means one of the crimes designated in subdivision (b) of section6600 when the crime is accomplished by force, violence, duress, menace, or fear of immediate and unlawful bodily harm on the victim or another person (Welf. Inst. Code, §6600, subd. (b)) or, in the case of a child under 14, when the offense involves substantial sexual conduct (Welf. Inst. Code, § 6600.1, subds. (a) (b)).
While most of the sexually violent offenses enumerated in subdivision (b) of Welfare and Institutions Code section 6600
necessarily involve force, violence, duress, menace, or fear of immediate and unlawful bodily harm on the victim or on another person, some of them do not — such as former section 288, now section 288, subdivision (a).[2]
For a violation of section 288 to constitute a sexually violent offense, the People must prove either (1) the act was accomplished "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person," as occurs in a violation of section 288, subdivision (b) (Welf. Inst. Code, §6600, subd. (b)), or (2) the act *Page 1665 
involved substantial sexual conduct (Welf. Inst. Code, §6600.1, subd. (a)), i.e., "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender" (Welf. Inst. Code, § 6600.1, subd. (b)).
Such factual proof necessarily requires delving into the circumstances of the prior offense that resulted in a conviction. And no matter which qualifying offenses are alleged, defendant is entitled to a pretrial hearing in which a judge reviews the SVP petition and determines "whether there is probable cause to believe that [defendant] is likely to engage in sexually violent predatory criminal behavior upon his or her release." (Welf. Inst. Code, § 6602;[3] People v.Torres (2001) 25 Cal.4th 680, 682.) Again, such a determination requires an assessment of the circumstances of the prior offenses.
Since the SVP proceeding against defendant is not viable unless he "has been convicted of a sexually violent offense against two or more victims" (Welf. Inst. Code, § 6600, subd. (a)), and because proof of the necessary convictions is inextricably intertwined with the facts underlying those convictions, the SVP action against him is a civil suit "based upon or growing out of the act upon which the criminal prosecution [was] based." (Former § 1016, subd. 3.)
Consequently, defendant's conviction in 1978 based upon a plea of no contest entered pursuant to former section 1016, subdivision 3, cannot be used against him to establish an element necessary for a subsequent SVP commitment.
 B
In 1982, the Legislature amended section 1016 to provide that a no contest plea in a felony case "shall be the same as that of a plea of guilty for all purposes." (Stats. 1982, ch. 390, § 1, p. 1725.) Years later, the Sexually Violent Predator Act became law. (Stats. 1995, ch. 762, § 1.)
Noting the Legislature "is deemed to be aware of statutes . . . already in existence, and to have enacted . . . a statute in light thereof" (People v. Harrison (1989) 48 Cal.3d 321, 329), the *Page 1666 
People argue "the language of the SVP Act indicates the Legislature's intent that guilty pleas and no contest pleas should be treated the same for the purpose of finding prior convictions." We have no quarrel with this proposition. However, enactment of the Sexually Violent Predator Act could not alter the effect of former section1016, subdivision 3, upon which defendant impliedly relied in 1978 when he pled no contest to the charge that he committed a lewd act with a child under the age of 14.
In effect, what the People seek is an impermissible retroactive application of the amendment to section 1016 in 1982.
A law operates retroactively when it "attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was completed before the law's effective date." (People v.Grant (1999) 20 Cal.4th 150, 157; orig. italics.) Whether an amendment to a penal statute should operate retroactively involves "`familiar considerations of fair notice, reasonable reliance, and settled expectations. . . ." (Ibid.)
To apply the 1982 amendment of section 1016 to defendant's plea of no contest in 1978 would attach a new legal consequence to the plea and would deprive defendant of his expectation — derived from a reasonable reliance upon the former statute and established case law (e.g., Cartwright v. Board of Chiropractic Examiners (1976) 16 Cal.3d 762,768-774) — that his no contest plea could not be used as an admission against him in any civil suit growing out of the criminal act for which he was prosecuted in 1978. Moreover, the retroactive application of the change in law to defendant's no contest plea would be akin to a violation of his plea agreement. (See Estate of McGowan (1973)35 Cal.App.3d 611, 618 ["A nolo contendere plea . . . [under former section 1016] necessarily implies a bargain and is seen as an agreement between the prosecution and the defendant, for the limited purpose of the particular case, and no other purpose"].)[4]
"No part of [the Penal Code] is retroactive, unless expressly so declared." (§ 3.) In other words, an amendment to a penal statute operates prospectively absent a "`clear and compelling implication that the Legislature intended otherwise.'" (People v. Grant, supra,20 Cal.4th at p. 157.) *Page 1667 
Nothing in the language of the 1982 amendment to section 1016
expressly declares the amendment is to be applied retroactively, and the People have not directed us to anything that would support a clear and compelling implication of legislative intent to make the amendment retroactive. Accordingly, the 1982 amendment may not be applied retroactively, and defendant's plea of no contest in 1978 to the charge that he committed a lewd or lascivious act with a child under 14 years of age cannot be used as an admission against him in this SVP proceeding.
 DISPOSITION
The order committing defendant to the Department of Mental Health as an SVP is reversed.
We concur:
NICHOLSON, J.
MORRISON, J.
[1] The pleas are guilty (subd. 1), not guilty (subd. 2), nolo contendere (subd. 3), former judgment of acquittal (subd. 4), once in jeopardy (subd. 5), and not guilty by reason of insanity (subd. 6).
[2] Section 288, subdivision (a), provides: "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."
[3] "`Predatory' means an act is directed toward a stranger, a person of casual acquaintance with whom no substantial relationship exists, or an individual with whom a relationship has been established or promoted for the primary purpose of victimization." (Welf. Inst. Code, § 6600, subd. (e).)
[4] For all we know, defendant may not have entered his plea of no contest if he had notice that it could be used against him in an ensuing civil action. (See Cartwright v. Board of Chiropractic Examiners, supra,16 Cal.3d at p. 773 [at the time of defendant's no contest plea, "its reliability as an indicator of actual guilt [was] substantially reduced, both because of the defendant's reservations about admitting guilt for all purposes and because the willingness of the district attorney to agree to and the court to approve the plea tends to indicate weakness in the available proof of guilt"].) *Page 1668