In the Matter of the Care and Treatment of Ronald GIBSON, a/k/a Ronald R. Gibson, a/k/a Ronald L. Gibson, Appellant–Respondent,

v.

State of Missouri, Respondent– Cross Appellant.

Nos. 25482 and 25689.

Missouri Court of Appeals, Southern District, Division One.

April 12, 2004.

Emmett D. Queener, Columbia, MO, for appellant–respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Assistant Attorney General, for respondent–cross appellant.

JAMES K. PREWITT, Judge.

The State of Missouri petitioned the Probate Division of the Circuit Court of Howell County ("trial court"), seeking to confine Ronald L. Gibson ("Appellant") as a sexually-violent predator. Following jury trial, Appellant was adjudicated a sexually-violent predator pursuant to § 632.480, RSMo 2000, and ordered "committed to the custody of the director of the Department of Mental Health for control, care and treatment until such time as [Appellant's] mental abnormality has so changed that he is safe to be at large."

The commitment followed Appellant's confinement for sodomy, in violation of § 566.060, RSMo 1994. In 1998, Appellant entered an Alford plea of guilty to the sodomy charge (*see North Carolina v. Al-*ford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)), and, pursuant to the plea agreement between him and the State, he was sentenced to a maximum sentence of three years' imprisonment.

Appellant contends that the trial court erred in denying a motion to dismiss filed on his behalf and raises three points on appeal. In the first point, he argues his right to due process was denied in that his plea agreement did not contemplate the filing of a petition for civil commitment upon completion of his sentence for sodomy. His two remaining points assert equal protection violations; one relating to differences between § 632.483, RSMo 2000, and § 632.484, RSMo 2000, regarding whether the State is required to have the person examined by a psychiatrist or psychologist before filing the petition, and the other relating to the failure of the sexually-violent predator law to provide for less restrictive alternatives to secure confinement.

The State filed a cross appeal, also addressed in this opinion, in which it asserts that it was entitled, pursuant to § 491.030, RSMo 2000, to compel Appellant to testify at trial as an adverse party, and that the trial court erred by refusing to allow Appellant to so testify.

*Appellant's Point I—Did the sexually violent predator proceedings violate the plea agreement?*

■ In his first point, Appellant asserts that the trial court erred in denying his motion to dismiss the petition, violating his due process rights under the United States and Missouri Constitutions, because the guilty plea did not contemplate the State's filing of a petition for civil commitment at the completion of the sentence served pursuant to the plea agreement. According to Appellant, he filed the motion to dismiss as a means to secure the State's specific performance of the plea agreement. Appel-

lant also argues as part of this point that the sexually-violent predator law was not enacted until almost a year after he entered his Alford plea; thus, he was never advised that a subsequently-enacted law would be applied to him retroactively.

Section 632.480(5), RSMo 2000, defines "sexually violent predator" as

any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

(a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense; or

(b) Has been committed as a criminal sexual psychopath pursuant to section 632.475, RSMo, and statutes in effect before August 13, 1980.

Appellant does not question that sodomy, a violation of § 566.060, RSMo 1994, is a sexually-violent offense or that he entered an Alford plea of guilty to that offense. Part of Appellant's argument, however, does question whether the sexually-violent predator act ("SVP act"), enacted on January 1, 1999, after he entered his Alford plea in 1998, may be applied to him.

Although it appears that this issue has not been raised on appeal previously in Missouri, many of the cases considered by the Missouri courts have included fact scenarios under which the person the State sought to confine under the SVP act had pled guilty to a sexually-violent offense prior to January 1, 1999. *See Amonette v. State*, 98 S.W.3d 593, 595 (Mo.App.2003), *In re Henson*, 97 S.W.3d 67, 68 (Mo.App. 2002), *In re Care of Coffman*, 92 S.W.3d 245, 247 (Mo.App.2002), *In re Care and Treatment of Smith*, 83 S.W.3d 116, 117 (Mo.App.2002), *Care and Treatment of*

*Schottel v. State*, 121 S.W.3d 337, 338 (Mo. App.2003). We acknowledge that some of the above cases were reversed and remanded for new trials on issues such as jury instructions.

■ That the date of a guilty plea to a sexually-violent offense is of no consequence to the proceedings under the SVP act is also in line with the determination in Missouri and other states that the SVP act is civil in nature, not criminal, and that involuntary commitment under the statute is not punitive. *See e.g., State ex rel. Nixon v. Askren*, 27 S.W.3d 834, 840–41 (Mo.App.2000); *In re Detention of Bailey*, 317 Ill.App.3d 1072, 251 Ill.Dec. 575, 740 N.E.2d 1146, 1150 (2000); *Kansas v. Hendricks*, 521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). In essence, the SVP act in Missouri is not a criminal statute; rather, it is a civil commitment law that is not a part of the criminal case. *Morales v. State*, 104 S.W.3d 432, 436 (Mo. App.2003) (holding of case was that counsel did not render ineffective assistance of counsel by failing to inform movant of the possible civil commitment under the SVP act, deemed a collateral consequence of movant's guilty plea).

This line of reasoning is supported in cases from other states that have directly addressed the issue of the effect of a plea agreement on the SVP proceedings. In *In re Care and Treatment of Hay*, 263 Kan. 822, 953 P.2d 666, 676 (1998), the Kansas Supreme Court found the appellant's assertion that the filing of a commitment petition violated his plea agreement without merit. *Id.* Similar to the Missouri *Morales* case, the Kansas Supreme Court noted that civil commitment following the completion of a sentence for a crime was collateral to the plea and independent of the criminal case. *Hay*, 953 P.2d at 676. The Court further noted that whether Hay

was a sexually-violent predator was determined by his mental abnormality and present propensity to be dangerous. *Id.*

Cases in Florida have reached the same result. In *Murray v. Regier*, 872 So.2d 217 (Fla.2002), the Florida Supreme Court concluded "that any bargain that a defendant may strike in a plea agreement in a criminal case would have no bearing on a subsequent involuntary civil commitment for control, care, and treatment." *Id.* at 224. A recent Florida appellate case reiterated the conclusion of the Florida Supreme Court in *Murray,* as the appellate court stated that any rights a defendant may have had under a plea agreement pertain only to the criminal sanctions against him and "are totally irrelevant to the subsequent separate civil proceedings against him under the [SVP act]." *In re Commitment: Cartwright,* 870 So.2d 152, 154 (Fla.App.2004).

■ As for any argument that Appellant makes as part of this point that an Alford plea does not "count" under § 632.480(5)(a), RSMo 2000, which defines sexually-violent predator as someone who has pled guilty or been found guilty of a sexually-violent offense, we disagree with his contentions. Appellant draws the Court's attention to a California case, *People v. Yartz,* 109 Cal.App.4th 1660, 1 Cal. Rptr.3d 306 (Cal.App.2003), and acknowledges that the case is not citable (and considered de-published by the California courts) as it has been superseded by a grant of review by the California Supreme Court. Thus, we mention the case, in which a California appellate court considered whether the defendant's conviction resulting from a plea of no contest could be used in a subsequent SVP proceeding to prove that the defendant was convicted of a sexually-violent offense against two or more victims, with caution and only because Appellant bases some of his argu-

ments in this point on those presented in the *Yartz* case. 109 Cal.App.4th at 1662, 1 Cal.Rptr.3d 306. We note the appellate court's conclusion that such a conviction could not be used for the purposes of the SVP proceeding was at least partly based on the fact that the California statute in place at the time of the defendant's plea specifically indicated that a plea of no contest could not be used as an admission in a subsequent civil proceeding "based upon or growing out of the act upon which the criminal prosecution is based." *Id.*

In our view, Missouri law answers this question regarding whether an Alford plea of guilty would count under § 632.480(5)(a), RSMo 2000. Under Missouri law, an Alford plea is a conviction so long as the sentence is imposed, which it was here. *See State v. Henry,* 88 S.W.3d 451, 454–55 (Mo.App.2002); *see also M.A.B. v. Nicely,* 909 S.W.2d 669, 671 (Mo.banc 1995).

We find no merit in Appellant's Point I, and it is denied.

*Point II—Equal protection issue relating to §§ 632.483 and 632.484, RSMo 2000*

■ In Point II, Appellant raises an equal protection claim, and contends that the trial court erred in denying his motion to dismiss because § 632.483, RSMo 2000, did not require an examination by a psychiatrist or psychologist before the State could file its petition for civil commitment against Appellant, as he was a person confined in the Department of Corrections. Section 632.484, RSMo 2000, does impose such a requirement before a petition may be filed against someone not confined in the Department of Corrections. This difference, according the Appellant, violated his rights to equal protection under the law guaranteed by the United States and Missouri Constitutions. Appellant was ini-

tially evaluated by a licensed social worker.[1]

The Missouri Supreme Court has recently addressed this issue in *In re Care and Treatment of Norton,* 123 S.W.3d 170, 175–76 (Mo.banc 2003). The Supreme Court held that, under the 2000 version of the statute in place when Norton's SVP proceedings (the same statute in place at the time of Appellant's SVP proceedings), both classes of persons subjected to the civil commitment statutes (those confined in the Department of Corrections and those not so confined) must receive the evaluation of a qualified professional prior to trial, and such evidence is presented to the trier of fact. *Id.* at 176. The Court also noted that under § 632.489, RSMo 2000, those detained in the Department of Corrections are allowed the opportunity to be evaluated by a psychiatrist or psychologist of their choosing, in addition to the evaluation conducted by the Department of Mental Health. *Id.*

Thus, according to the Court, individuals within both classes are equally evaluated prior to any determination of whether he or she meets the definition of a sexually-violent predator. *Id.* Therefore, here as in *Norton,* there is no equal protection issue related to any differences between §§ 632.483, RSMo 2000, and 632.484, RSMo 2000.

Point II is denied.

*Point III—Equal protection issue related to least restrictive environment*

■ In his final point, Appellant raises another equal protection claim. In Point III, he contends that those found to be sexually-violent predators under the SVP act must be treated similarly to other persons involuntarily committed to the Department of Mental Health due to a mental condition or potential danger, who are entitled to treatment in the least restrictive environment.

*Norton* is dispositive to this point as well. Within *Norton,* the Missouri Supreme Court addressed this issue and determined that the SVP act does not deny equal protection of law for failing to provide less restrictive alternatives to secure confinement for those found to be sexually-violent predators. 123 S.W.3d at 174–75. The Missouri Supreme Court concludes in *Norton* that the secure confinement of sexually-violent predators, as provided in the SVP act, is narrowly tailored to serve Missouri's compelling state interest of protecting the public from crime, and that this justifies different treatment of persons adjudicated as sexually-violent predators because there is a substantial probability that such persons will commit future crimes of sexual violence if not confined to a secure facility. *Id.* at 174.

Appellant Point III is denied.

*The State's cross appeal*

In its cross appeal, the State raises one point, that the trial court erred by refusing to allow Appellant to testify when called as a witness at the trial. The State argues that under § 491.030, RSMo 2000, it is entitled to compel Appellant's testimony as that of an adverse party because his testimony on the issues of mental abnormality and likelihood of engaging in future sexual violence would enhance the reliability of decision making on those issues.

The State acknowledges that this becomes an issue only if we had reversed the trial court's decision and remanded for a new trial. Given our determination regarding Appellant's points on appeal, we

---

1. We note that § 632.483 was amended, effective August 28, 2002, and now requires an initial determination by a psychiatrist or a psychologist. § 632.483.2(3); *In re Care and Treatment of Norton,* 123 S.W.3d 170, 175 n. 20 (Mo.banc 2003).

decline the opportunity to render an advisory opinion or decide an issue when it is unnecessary to do so. *See Stewart v. Reynolds,* 84 S.W.3d 569, 573 (Mo.App. 2002).

## Conclusion

The judgment of the trial court is affirmed.

BARNEY, P.J., and GARRISON, J., concur.