[No. S057104. Apr. 1, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
FLOYD LOVE GRANT, Defendant and Appellant.

152

**COUNSEL**

Diane M. Matsinger for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Robert Carl Schneider, Thomas W. Casparian

and Deborah Bigbee Sturrock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KENNARD, J.**—Penal Code section 288.5[1] provides that any person who resides with or has recurring access to a child under the age of fourteen, and who molests that child at least three times during a period of not less than three months, is guilty of "continuous sexual abuse," a felony. When, as here, the sexual abuse begins *before*, but continues *after*, section 288.5's effective date, does the abusive conduct fall within the statutory language? If so, can a conviction be affirmed under the statute without violating provisions in the state and federal Constitutions prohibiting ex post facto laws? The answer to each of these questions is "yes."

I

Section 288.5 became effective on January 1, 1990. Defendant was charged with violating that statute by engaging in "substantial sexual conduct" with his stepdaughter Leah S. "on and between June 6, 1988 and April 4, 1990," while she was under the age of 14. Defendant was also charged under section 288a, subdivision (b)(2), with orally copulating Leah when she was under the age of 16.

At the time of trial, Leah was 19 years old. She testified that defendant began molesting her when she was five years old, and that she began orally copulating him when she was in the sixth grade.[2] She and defendant engaged in masturbation and oral copulation between January 1, 1990 (the effective date of section 288.5) and April 4, 1990 (the date of her 14th birthday).

Defendant testified that he started orally copulating Leah in October 1990, when she was 14 years old. He denied engaging in any "substantial sexual conduct" with Leah before that time.

As relevant here, the trial court instructed the jury: "The People have introduced evidence for the purpose of showing that there are more than three acts of substantial sexual conduct upon which a conviction in Count One may be based. Defendant may be found guilty [of violating section

---

[1]Unless otherwise stated, all further statutory references are to the Penal Code.

[2]Leah did not give the year in which the molestation or the oral copulation began. The record shows that her fifth birthday was on April 4, 1981, and that she was in the sixth grade in 1987-1988.

288.5] if the proof shows beyond a reasonable doubt and you unanimously agree that the defendant committed three such acts. It is not necessary that you unanimously concur on which acts constitute the required number. However you must unanimously find that at least one such act occurred between January 1, 1990 [the effective date of section 288.5] and April 4, 1990 [Leah's 14th birthday]."

During deliberations, the jury asked the trial court whether it must unanimously agree that a specific act of substantial sexual conduct occurred between January 1 and April 4, 1990. The court gave this written response: "Assume you have evidence of more than one act of substantial sexual conduct occurring within the period of June 6, 1988 and April 4, 1990. Further assume that you unanimously agree that during that period at least three such acts did in fact occur. That agreement is all that is necessary. You do not need to go the next step and unanimously agree as to which specific acts constitute the necessary minimum of three. [¶] However, in this particular case you must unanimously agree that at least one of the substantial acts happened between Jan. 1[,] 1990 and April 4, 1990." The jury found defendant guilty as charged.

Defendant appealed. He contended that the Legislature intended section 288.5 to apply only when *all* of the requisite acts occurred after the effective date of the statute. A contrary construction, he argued, would violate the federal and state Constitutions' prohibitions against ex post facto laws. The Court of Appeal disagreed and affirmed defendant's convictions. We granted review.

## II

Section 288.5, subdivision (a), provides: "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct under Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years."

Although the jury must unanimously agree that the defendant molested the child at least three times, it need not agree on precisely when or where the requisite three incidents occurred. (§ 288.5, subd. (b).) Only one violation of

section 288.5 can be charged for the continuing sexual abuse of a single victim, and the defendant may not be charged with any other felony sex offenses involving the same victim during the period in which the defendant allegedly violated section 288.5. (§ 288.5, subd. (c).)

The Legislature enacted section 288.5 to remedy certain problems of pleading and proof that had arisen in cases involving child molesters who engaged in repeated lewd and lascivious acts with their victims while living with or having close and continuing contact with them. Before the passage of section 288.5, such crimes were generally charged under subdivision (a) of section 288 (section 288(a)). The latter statute proscribes the willful and lewd commission of "any lewd or lascivious act" on or with a child under the age of 14 years, with "the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires" of the perpetrator or the child. Often, the child in section 288(a) cases would relate multiple acts of molestation over a lengthy period of time but could not recall with specificity where, when, or how individual acts of sexual abuse had occurred. As a consequence, the pleadings in such cases generally omitted such specifics.

Illustrative of these problems in pleading and proving a violation of section 288(a) is *People* v. *Van Hoek* (1988) 200 Cal.App.3d 811 [246 Cal.Rptr. 352]. There, the Court of Appeal held that the prosecutor's failure in a section 288(a) case to plead and prove a specific instance of molestation violated the defendant's constitutional right to due process of law. The court reasoned: "Where, as here, the evidence is that many of such acts were committed over an extended period of time, it would be impossible for the prosecution to 'select the specific act relied upon to prove the charge' and equally impossible for the jury to 'unanimously agree beyond a reasonable doubt that defendant committed the same specific criminal act.'" (*People* v. *Van Hoek, supra*, 200 Cal.App.3d at p. 816.)

The next year, in response to the decision in *People* v. *Van Hoek, supra*, 200 Cal.App.3d 811, the Legislature enacted section 288.5. Unlike section 288(a), which proscribes an *act* of molestation, section 288.5 prohibits a *continuing course of conduct*: the repeated sexual abuse of a minor by an adult who has regular access to the minor. Thus, to establish a violation of section 288.5, the jury must unanimously agree that during the period alleged in the indictment or information the defendant engaged in a pattern of abuse that included at least three acts of molestation, but it need not agree on when or where these acts occurred. (*People* v. *Whitham* (1995) 38 Cal.App.4th 1282, 1296-1297 [45 Cal.Rptr.2d 571]; *People* v. *Avina* (1993) 14 Cal.App.4th 1303, 1310-1312 [18 Cal.Rptr.2d 511]; *People* v. *Higgins* (1992) 9 Cal.App.4th 294, 307-308 [11 Cal.Rptr.2d 694]; see also *People* v.

*Jones* (1990) 51 Cal.3d 294, 328-330 [270 Cal.Rptr. 611, 792 P.2d 643] (dis. opn. of Mosk, J.).)[3]

Section 288.5 has this legislative declaration of purpose:

"(a) The Legislature finds and declares that because of the court's decision in *People* v. *Van Hoek*[, *supra,* 200 Cal.App.3d 811], there is an immediate need for additional statutory protection for the most vulnerable among our children, those of tender years, some of whom are being subjected to continuing sexual abuse by those commonly referred to as 'resident child molesters.' These molesters reside with, or have recurring access to, a child and repeatedly molest the child over a prolonged period of time but the child, because of age or the frequency of the molestations, or both, often is unable to distinguish one incident from another in terms of time, place, or other particulars, and as a consequence prosecutors are unable to provide the specificity of charges necessary to overcome the constitutional due process problems raised in the *Van Hoek* case within the framework of existing statutory law. As a consequence, some of our most vulnerable children continue to be at risk and some of our worst offenders continue to go unpunished.

"(b) It is the intent of the Legislature in enacting this act to provide additional protection for children subjected to continuing sexual abuse and certain punishment for persons referred to as 'resident child molesters' by establishing a new crime of continuing sexual abuse of a child under circumstances where there have been repeated acts of molestation over a period of time, and the perpetrator either resides with or has recurring access to the child. It is the further intent of the Legislature that the penalty for this crime shall be greater than the maximum penalty under existing law for any single felony sex offense." (Stats. 1989, ch. 1402, § 1, p. 6138, italics added.)

### III

 Defendant contends that his conviction for continuous sexual abuse is invalid because it violates a statutory prohibition against retroactive application of the Penal Code. We disagree.

The Penal Code provides, in section 3, that none of its provisions are retroactive unless expressly so declared. (See also *People* v. *Hayes* (1989) 49

---

[3]After the Legislature enacted section 288.5, this court disapproved *People* v. *Van Hoek, supra,* 200 Cal.App.3d 811. We held that a conviction under section 288(a) for acts of child molestation based on "generic" testimony does not violate a defendant's due process right to fair notice of the charges and to present a defense. (*People* v. *Jones, supra,* 51 Cal.3d pp. 318-321.)

Cal.3d 1260, 1274 [265 Cal.Rptr. 132, 783 P.2d 719] [Stating that "[a] new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise."].) Nothing in the Penal Code expressly declares that section 288.5, which defines the offense of continuous sexual abuse of a child, is retroactive, nor has our attention been directed to any other evidence of a legislative intent that the section operate retroactively. We conclude, therefore, that section 288.5 is not retroactive. But we do not agree with defendant that a conviction under section 288.5 for a course of conduct that includes acts of molestation committed both before and after section 288.5's effective date requires a retroactive application of that section.

█ As the United States Supreme Court has recognized, "deciding when a statute operates 'retroactively' is not always a simple or mechanical task" (*Landgraf* v. *USI Film Products* (1994) 511 U.S. 244, 268 [114 S.Ct. 1483, 1498, 128 L.Ed.2d 229]) and "comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event" (*id.* at p. 270 [114 S.Ct. at p. 1499]). In exercising this judgment, "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." (*Ibid.*)

In general, application of a law is retroactive only if it attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was *completed* before the law's effective date. (*Landgraf* v. *USI Film Products, supra,* 511 U.S. 244, 269-270 & fn. 23 [114 S.Ct. 1483, 1499]; see also *Rodriguez* v. *General Motors Corp.* (9th Cir. 1994) 27 F.3d 396, 398; *Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 291 [279 Cal.Rptr. 592, 807 P.2d 434]; *Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 7 [255 Cal.Rptr. 412, 767 P.2d 679]; *People* v. *Weidert* (1985) 39 Cal.3d 836, 851 [218 Cal.Rptr. 57, 705 P.2d 380].) Thus, the critical question for determining retroactivity usually is whether the last act or event necessary to trigger application of the statute occurred before or after the statute's effective date. (*Travenol Laboratories, Inc.* v. *U.S.* (Fed. Cir. 1997) 118 F.3d 749, 752; *McAndrews* v. *Fleet Bank of Massachusetts, N.A.* (1st Cir. 1993) 989 F.2d 13, 16.) A law is not retroactive "merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." (*Kizer* v. *Hanna, supra,* 48 Cal.3d at p. 7.)

█ Here, defendant was convicted of *continuous* sexual abuse, as defined in section 288.5, after the court instructed the jury to return a verdict of guilty only if it found that one of the required minimum of three acts of

molestation occurred after section 288.5's effective date. In other words, defendant could be convicted only if the course of conduct constituting the offense of continuous sexual abuse was completed after the new law became effective. Because the last act necessary to trigger application of section 288.5 was an act of molestation that defendant committed *after* section 288.5's effective date, defendant's conviction was not a retroactive application of section 288.5 and therefore not a violation of the statutory prohibition against retroactive application of the Penal Code.

## IV

Defendant contends that application of section 288.5 to the continuing sexual abuse of a child that, as here, occurs in part *before* and in part *after* the statute became effective violates the ex post facto clauses of the federal and state Constitutions.

■ Article I, section 10, clause 1 of the federal Constitution states: "No state shall . . . pass any bill of attainder, *ex post facto law*, or law impairing the obligation of contracts, or grant any title of nobility." (Italics added.) Similarly, article I, section 9, of the California Constitution provides: "A bill of attainder, *ex post facto law*, or law impairing the obligation of contracts may not be passed." (Italics added.) We interpret this latter clause "no differently than its federal counterpart." (*People* v. *Snook* (1997) 16 Cal.4th 1210, 1220 [69 Cal.Rptr.2d 615, 947 P.2d 808]; see also *People* v. *Helms* (1997) 15 Cal.4th 608, 614 [63 Cal.Rptr.2d 620, 936 P.2d 1230].)

The prohibition against ex post facto laws seeks to achieve two important goals. First, it assures "that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." (*Weaver* v. *Graham* (1981) 450 U.S. 24, 28-29 [101 S.Ct. 960, 964, 67 L.Ed.2d 17].) Second, the rule "restricts governmental power by restraining arbitrary and potentially vindictive legislation." (*Id.* at p. 29 [101 S.Ct. at p. 964].) Thus, the ex post facto clauses of the state and federal Constitutions are "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' " (*California Dept. of Corrections* v. *Morales* (1995) 514 U.S. 499, 504 [115 S.Ct. 1597, 1601, 131 L.Ed.2d 588], quoting *Collins* v. *Youngblood* (1990) 497 U.S. 37, 43 [110 S.Ct. 2715, 2719, 111 L.Ed.2d 30].)

■ Until the Legislature's enactment of section 288.5, there was no law expressly prohibiting the continuous sexual abuse of a child. As we mentioned earlier, before the passage of section 288.5 residential molesters of children under the age of 14 were charged under section 288(a) for engaging

in *particular* lewd and lascivious acts. By contrast, section 288.5 prohibits a *continuing* course of conduct including at least three such acts, thus defining a new crime. Also, whereas the maximum punishment for three violations of section 288(a) is twelve years, it is sixteen years for engaging in three or more acts of molestation under section 288.5. Thus, section 288.5 defines a new crime and it increases the punishment for certain criminal conduct, namely, continuing sexual abuse of a child. But, as noted above, the ex post facto clauses of the federal and state Constitutions only prohibit laws that "*retroactively* alter the definition of crimes or increase the punishment for criminal acts." (*Collins* v. *Youngblood, supra*, 497 U.S. at p. 43 [110 S.Ct. at p. 2719], italics added.) As we shall explain, the changes effected by section 288.5 are not retroactive with respect to a defendant's continuing sexual abuse of a child that began before, but continued after, the statute's enactment, and consequently the prohibition against ex post facto laws is not implicated in this case.

On point is a recent decision by the Court of Appeal in *People* v. *Palacios* (1997) 56 Cal.App.4th 252 [65 Cal.Rptr.2d 318]. There, as in this case, the defendant was convicted of continuous sexual abuse of a child under section 288.5. The conduct on which the defendant's convictions were based began before, and ended after, the effective date of section 2933.1, a statute that reduced the "conduct credits" a defendant could earn while serving a sentence for violation of section 288.5. At issue was whether section 2933.1's reduction in conduct credits could be applied to the defendant without violating the constitutional prohibition against ex post facto laws. In upholding the application of section 2933.1 to the defendant's sentence, the *Palacios* court explained: " 'The critical question is whether the law changes the legal consequences of *acts completed* before its effective date.' ([*Weaver* v. *Graham, supra*, 450 U.S.] at p. 31 [101 S.Ct. at p. 965], italics added.) . . . [¶] Section 288.5 punishes a continuous course of conduct, not each of its three or more constituent acts. [Citations.] A continuous course of conduct offense cannot logically be 'completed' until the last requisite act is performed. Where an offense is of a continuing nature, and the conduct continues after the enactment of a statute, that statute may be applied without violating the ex post facto prohibition." (*People* v. *Palacios, supra*, 56 Cal.App.4th at p. 257.)

All of the federal circuit courts of appeals have likewise held that application of a newly amended or enacted law to a so-called "straddle" offense, that is, a crime that begins before and continues after the law's effective date, does not violate the federal Constitution's prohibition against ex post facto laws. For example, in *United States* v. *Campanale* (9th Cir. 1975) 518 F.2d 352, 355 the defendants were convicted of conspiring to engage in a

"pattern of racketeering activity" in violation of title 18, section 1962(d) of the United States Code. A "pattern of racketeering activity" consists of "at least two acts of racketeering activity, *one of which occurred after the effective date of this chapter* and the last of which occurred within ten years '. . . after the commission of a prior act of racketeering activity." (18 U.S.C. § 1961(5), italics added.) The federal court upheld the defendants' convictions, rejecting their contention that section 1962 violated the federal Constitution's prohibition of ex post facto laws because it permitted their convictions to be based in part on acts occurring before the law's effective date. (*United States* v. *Campanale, supra,* 518 F.2d at pp. 364-365; see also *United States* v. *Brown* (5th Cir. 1977) 555 F.2d 407, 417.)[4]

Another federal case on point is *U.S.* v. *McCall* (2d Cir. 1990) 915 F.2d 811, in which the defendant was convicted of engaging in "[v]iolent crimes in aid of racketeering activity." (18 U.S.C. § 1959.) Three of the four acts that formed the basis for the conviction were committed before the effective date of sentencing guidelines enacted as part of the federal Sentencing and Reform Act of 1984. Retroactive application of the sentencing guidelines would violate the ex post facto clause of the federal Constitution. (*U.S.* v. *Morrow* (4th Cir. 1991) 925 F.2d 779, 782-783; see *Miller* v. *Florida* (1987) 482 U.S. 423 [107 S.Ct. 2446, 96 L.Ed.2d 351] [applying ex post facto clause to similar guidelines enacted in Florida].) Nevertheless, the federal court held that because the defendant's crime continued after the effective date of the guidelines, the sentencing guidelines could be applied to the defendant without violating the prohibition against ex post facto laws. (*U.S.* v. *McCall, supra,* 915 F.2d at p. 816.)

These two federal cases are illustrative of the conclusion reached by every federal reviewing court that convicting a defendant for "straddle" offenses does not violate the ex post facto prohibition of the federal Constitution. (*U.S.* v. *Giry* (1st Cir. 1987) 818 F.2d 120, 135 [conspiracy conviction]; *U.S.* v. *McCall, supra,* 915 F.2d 811, 816; *United States* v. *Goldberger* (3d Cir. 1952) 197 F.2d 330, 331 [conspiracy conviction]; *United States* v. *Wechsler* (4th Cir. 1968) 392 F.2d 344, 346-347 [bribery conviction]; *Huff* v. *United States* (5th Cir. 1951) 192 F.2d 911, 915; *U.S.* v. *Henson* (6th Cir. 1988) 848 F.2d 1374, 1385 [holding conspiracy committed "between January 1, 1983 up to and including January 1, 1985" may be punished under statute effective on January 1, 1985]; *U.S.* v. *Kramer* (7th Cir. 1992) 955 F.2d 479, 484

---

[4]In one federal case (*U.S.* v. *Canino* (7th Cir. 1991) 949 F.2d 928), the appellate court affirmed the defendant's conspiracy conviction even though the defendant's *only* acts in furtherance of the conspiracy occurred before the law in question became effective. The court held that the conviction did not violate the ex post facto prohibition because the defendant never withdrew from the conspiracy, which continued after the law's effective date. (*Id.* at pp. 951-952.)

[conviction for engaging in a "continuing criminal enterprise" (21 U.S.C. § 848)]; *U.S.* v. *Tharp* (8th Cir. 1990) 892 F.2d 691, 693 [conspiracy conviction]; *United States* v. *Campanale, supra*, 518 F.2d at pp. 364-365; *U.S.* v. *Stanberry* (10th Cir. 1992) 963 F.2d 1323, 1327 [conspiracy conviction]; *U.S.* v. *Terzado-Madruga* (11th Cir. 1990) 897 F.2d 1099, 1124 [conspiracy conviction]; *U.S.* v. *Thomas* (D.C. Cir. 1997) 114 F.3d 228, 271 [324 App.D.C. 374] [conspiracy conviction].) Although these cases involved mostly convictions for conspiracy and not, as in this case, continuing sexual abuse of a child, we find their reasoning equally applicable here.

In other states as well, courts have held that the ex post facto prohibition of the federal Constitution does not prohibit the prosecution of "straddle" offenses. One of the early cases to do so was *State* v. *Hayes* (1941) 127 Conn. 543 [18 A.2d 895]. There the defendants were tried and convicted of a conspiracy alleged to have extended from January 1930 until May 1938. In 1937, the maximum penalty for the crime was increased from five years' to fifteen years' imprisonment. The Supreme Court of Connecticut rejected the defendants' contention that their sentences of more than five years in prison violated the ex post facto prohibition. The court stated: "A statutory provision imposing a heavier penalty for a crime where it is still being carried on at and after the date the act takes effect does not violate the provision in Article I, Section 10, of the Constitution of the United States, prohibiting any state from passing an ex post facto law." (18 A.2d at pp. 923- 924.)

The Georgia Supreme Court reached a similar conclusion in *Chancey* v. *State* (1986) 256 Ga. 415 [349 S.E.2d 717]. In that case, the defendant was convicted of violating Georgia's Racketeer Influenced and Corrupt Organization (RICO) act. Georgia's RICO act is violated by engaging in a "pattern of racketeering" consisting of at least two "predicate crimes," only one of which must occur after the law's effective date. (349 S.E.2d at p. 730.) The court held that a conviction based on predicate crimes occurring before and after the RICO act's effective date did not violate the constitutional prohibition against ex post facto laws. (*Ibid.*; see also *Knowles* v. *State* (Miss. 1998) 708 So.2d 549, 552-554; *Carlson* v. *State* (Fla. 1981) 405 So.2d 173, 174; *People* v. *Koeppel* (1995) 169 Misc.2d 795 [646 N.Y.S.2d 1007]; *State* v. *Ricci* (1991) 250 N.J.Super. 39 [593 A.2d 362, 364]; *State* v. *Thrower* (1989) 62 Ohio App.3d 359 [575 N.E.2d 863, 870]; *State* v. *Fletcher* (Utah Ct.App. 1988) 751 P.2d 822, 824.)

In this case, defendant has not cited a single decision holding that the ex post facto clause of the federal Constitution prohibits a defendant's conviction for a continuing offense that begins before and continues after a law's effective date. Moreover, as set forth above, all of the federal and state

courts that have considered the issue have held to the contrary. We find the reasoning of those courts persuasive.

As we noted earlier, the primary purpose of the ex post facto clauses in the federal and state Constitutions is to ensure "that legislative Acts give *fair warning* of their effect . . . ." (*Weaver* v. *Graham, supra,* 450 U.S. at p. 28 [101 S.Ct. at p. 964], italics added.) Here, section 288.5 gave "fair warning" to those engaged in the sexual abuse of a child before the statute's enactment that they would be punished under the new law if they continued the sexual abuse after section 288.5 took effect. Those who engaged in child molestation before the effective date of section 288.5, but not thereafter, are not subject to prosecution for continuing sexual abuse. But those who, like defendant, chose to continue such conduct after the effective date of section 288.5 were on notice that they would be subject to prosecution under that section.

For these reasons, we conclude that defendant's conviction for continuing sexual abuse of a child did not violate the provisions of the state and federal Constitutions against ex post facto laws.

## CONCLUSION

The judgment of the Court of Appeal is affirmed.

George, C. J., Mosk, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.