685 N.W.2d 423 (2004)
262 Mich.App. 184
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
George James WESTMAN, Defendant-Appellant.
Docket No. 243956.
Court of Appeals of Michigan.
Submitted May 5, 2004, at Lansing.
Released for Publication August 5, 2004.
Decided May 27, 2004, at 9:00 a.m.
*424 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, William E. Molner, Assistant Attorney General, and William M. Fagerman, Prosecuting Attorney, for the people.
Scott Marshall Neuman, P.C. (by Scott Marshall Neuman), East Lansing, for the defendant on appeal.
Before: MURRAY, P.J., and NEFF and DONOFRIO, JJ.
NEFF, J.
Defendant appeals as of right from his guilty-plea conviction of felony failure to pay child support, MCL 750.165, and to being an habitual offender, third-offense, MCL 769.11.[1] The trial court sentenced him to thirty-five to seventy-two months' imprisonment. We affirm.

I
Defendant pleaded guilty of felony failure to pay child support, MCL 750.165, for conduct that occurred from "July of 1993 to 2002." He now challenges his conviction *425 on the ground that an amendment to the statute in 1999, which altered the nature of the offense, renders his conviction a violation of the Ex Post Facto Clauses of the Michigan and federal constitutions, Const 1963, art 1, § 10; US Const, art I, § 10. We hold that MCL 750.165 does not violate the ex post facto prohibition as applied to defendant because defendant's offense was a continuing offense that began before and continued after the amendment's effective date.

II
Ex post facto laws are prohibited by both the Michigan and federal constitutions. People v. Callon, 256 Mich.App. 312, 316, 662 N.W.2d 501 (2003). An ex post facto law is one that affects the prosecution or disposition of cases involving crimes committed before the law's effective date by (1) criminalizing conduct that was innocent, (2) making an act a more serious offense, (3) inflicting greater punishment for a crime, or (4) allowing conviction on lesser evidence. Id. at 317, 662 N.W.2d 501; People v. Haynes, 256 Mich.App. 341, 350, 664 N.W.2d 225 (2003).
The Michigan Ex Post Facto Clause does not afford broader protections than its federal counterpart. Callon, supra at 317, 662 N.W.2d 501. Both clauses are designed to protect citizens against arbitrary and oppressive legislation and to ensure fair notice of conduct that is criminal. Id.

A
In this case, defendant asserts that the 1999 amendment of MCL 750.165 falls into the first category of ex post facto laws. That is, the amendment retroactively affected him by criminalizing action that was legal when it was committed. Defendant asserts that the amended version of MCL 750.165 permitted his conviction absent a showing that he left the state and that he refused or neglected to pay child support. Defendant asserts that he would not have been convicted under the previous law.
Defendant's ex post facto challenge raises questions of law, subject to de novo consideration on appeal. Callon, supra at 315, 662 N.W.2d 501. "Interpretation of constitutional provisions and statutory construction are both questions of law we review de novo." Id.

B
Defendant's offense occurred from July 1993 through 2002. MCL 750.165 was amended effective November 3, 1999. Defendant's offense therefore "straddles" two different versions of MCL 750.165.
Before November 3, 1999, the elements of felony failure to pay child support were (1) a court has ordered an individual to pay child support, (2) the individual refused or neglected to pay child support, and (3) the individual left the state of Michigan. People v. Ditton, 78 Mich.App. 610, 612-614, 261 N.W.2d 182 (1977). Under the amended version of MCL 750.165, evidence that an individual refused or neglected to pay child support and left the state, is no longer necessary to establish felony failure to pay child support. People v. Adams, 262 Mich.App. 89, 683 N.W.2d 729 (2004). The amended statute provides:
... If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both. [MCL 750.165(1).]
Defendant was charged and convicted in August 2002, under the amended statute, *426 and, accordingly, there was no showing that defendant left the state.[2] Nonetheless, these circumstances evince no violation of the constitutional prohibition against ex post facto laws.
Defendant's failure to pay child support began in 1993 and continued through 2002. His offense was a continuing one that occurred after the effective date of the statute's amendment. Because defendant's conduct began before and continued after the statute's amendment, changes effected by the statute did not operate retroactively with respect to defendant. We concur with the holding of the California courts on this issue: "'Where an offense is of a continuing nature, and the conduct continues after the enactment of a statute, that statute may be applied without violating the ex post facto prohibition.'" People v. Grant, 20 Cal.4th 150, 159, 83 Cal.Rptr.2d 295, 973 P.2d 72 (1999), quoting People v. Palacios, 56 Cal.App.4th 252, 257, 65 Cal.Rptr.2d 318 (1997).
The holding in Grant, supra, is consistent with Michigan's view of continuing offenses in other contexts. Michigan courts have applied a similar analysis in conspiracy cases. See People v. Williams, 78 Mich.App. 737, 742, 261 N.W.2d 189 (1977) (conspiracy is usually a continuing offense, extending over a period, and the prosecution may charge and prove the offense in any part of such period); People v. Owen, 251 Mich.App. 76, 84, 649 N.W.2d 777 (2002) (concealing or storing a stolen firearm can be considered a continuing offense for purposes of the statute of limitations). Our view is also consistent with our courts' resolution of ex post facto challenges in particular. See People v. Sellors, unpublished memorandum opinion of the Court of Appeals, issued November 21, 1997 (Docket No. 190927) (no ex post facto violation because of ongoing nature of the offense and because the defendant participated in the conspiracy after the effective date of the statutory amendment); People v. Tomassi, unpublished opinion per curiam of the Court of Appeals, issued August 23, 1996 (Docket No. 183823) (no ex post facto violation where parental kidnapping continued after the effective date of the amended statute).
We hold that because defendant's conduct of failing to pay child support continued after the effective date of the amended statute, defendant was properly charged and convicted under the amended version of MCL 750.165. Defendant's conviction does not violate the ex post facto prohibition.
We also find no merit in defendant's cursory argument that the amended statute operated as an ex post facto law with regard to his sentencing because the amendment burdened him with enhanced punishment. Defendant has failed to adequately argue the merits of this claim for our consideration. People v. Watson, 245 Mich.App. 572, 587, 629 N.W.2d 411 (2001). Further, even if the court considered the extent of defendant's arrearage in sentencing, which is not evident from the record, defendant has not shown that his sentence resulted from the arrearage in particular as opposed to his overall history of failing to pay child support.

III
Defendant also challenges his conviction on other grounds. In light of the recently issued decision in Adams, supra,[3] these challenges are without merit.

*427 A
Defendant claims that the trial court failed to establish a sufficient factual basis for his guilty plea. He asserts that the court failed to elicit additional facts concerning his inability to pay support. Defendant presumes that his alleged inability to pay would have provided him a complete defense to the charged offense. This Court has now determined that the inability to pay is not a defense to felony failure to pay child support. Adams, supra at 99, 683 N.W.2d 729. Defendant's presumption is therefore incorrect. In any event, the facts elicited by the trial court established that defendant had the ability to pay.
If a defendant pleads guilty, the trial court, "by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." MCR 6.302(D)(1). At the plea hearing, after defendant articulated his guilty plea, the trial court questioned him concerning the factual basis for his plea. Defendant admitted that he was ordered to pay child support for three children in Wexford County, and that he failed to pay child support for the children after July 1993 to the extent that he was able. Defendant stated that he paid some support, but did not pay the full amount, and could have paid more. Defendant's statements establish his failure to pay despite an ability to pay.

B
Defendant argues that MCL 750.165 is unconstitutional because it creates strict liability for the failure to pay child support. He contends that the absence of an intent requirement in MCL 750.165 exceeds constitutional limitations on a state's police power and deprives him of his right to due process. We disagree.
"That true strict liability crimes are proper under some circumstances is ... well settled in Michigan." People v. Quinn, 440 Mich. 178, 188, 487 N.W.2d 194 (1992). In this case, the Legislature properly enacted MCL 750.165 as a strict liability offense under its authority to enact laws protecting the public welfare. Adams, supra at 99-100, 683 N.W.2d 729; People v. Nasir, 255 Mich.App. 38, 42, 662 N.W.2d 29 (2003). The state's police power includes the power to regulate for the social good. People v. Lardie, 452 Mich. 231, 255, 551 N.W.2d 656 (1996). Laws enacted for the public welfare "do not require a criminal intent because the accused generally is in a position to prevent the harm." Id. at 254, 551 N.W.2d 656; Adams, supra at 99, 683 N.W.2d 729. In this case, defendant was in a position to prevent the harm by complying with or seeking modification of the court order directing him to pay child support. Id. at 99-100, 683 N.W.2d 729. He failed to do so. We find no violation of defendant's right to due process. Id. at 100, 683 N.W.2d 729.

C
Defendant claims that his counsel was ineffective for failing to advise defendant about the defense of inability to pay, precluding defendant from asserting the defense on his own behalf, and for failing to perform research regarding the elements of the offense. In light of the decision in Adams, supra, which determined that inability to pay is not a defense to *428 felony failure to pay child support, defendant's claim is without merit.
To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that counsel's representation was so prejudicial that it denied the defendant a fair trial. People v. Toma, 462 Mich. 281, 302, 613 N.W.2d 694 (2000). A claim of ineffective assistance of counsel should be raised by a motion for a new trial or an evidentiary hearing. People v. Ginther, 390 Mich. 436, 443, 212 N.W.2d 922 (1973); People v. Rodriguez, 251 Mich.App. 10, 38, 650 N.W.2d 96 (2002). Because defendant did not move for a Ginther hearing, this Court's review is limited to mistakes apparent on the record. Id. at 38, 650 N.W.2d 96.
Defendant acknowledged at the plea hearing that he was capable of paying more child support than he actually paid. Therefore, an assertion of the defense of inability to pay child support would have been without basis. Defense counsel is not required to advocate a meritless position. People v. Snider, 239 Mich.App. 393, 425, 608 N.W.2d 502 (2000). Further, nothing in the existing record indicates that defense counsel was unaware that MCL 750.165 had been amended in 1999 and that the elements of the offense had changed.
Affirmed.
NOTES
[1] Defendant was previously convicted of felony failure to pay child support on January 14, 1980, and felony nonsupport, MCL 750.161, on July 19, 1993.
[2] There was evidence of defendant's refusal or neglect to pay child support, in terms of his inability to pay, which was previously a defense under § 165. Adams, supra at 95, 683 N.W.2d 729.
[3] Adams was decided after the appeal in this case was heard and has to a certain extent rendered moot the remaining issues raised by defendant. We briefly address the issues as presented.