Filed 3/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WALNUT CREEK POLICE OFFICERS' ASSOCIATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF WALNUT CREEK et al.,<br><br>    Defendants and Respondents;<br><br>FIRST AMENDMENT COALITION et al.,<br><br>    Interveners and Appellants.<br><br>[And five other cases.[*]] | A156477<br><br>(Contra Costa County<br>Super. Ct. No. N19-0109) |

THE COURT[*]:

Good cause appearing, the request for publication is granted. Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, the attached order of March 12, 2019, is certified for publication.

Date: _____ _____ P. J.

---

[*] *Richmond Police Officers' Assn. v. City of Richmond* (A156479), *Contra Costa County Deputy Sheriffs' Assn. v. County of Contra Costa* (A156480), *Antioch Police Officers' Assn. v. City of Antioch* (A156481), *Martinez Police Officers' Assn. v. City of Martinez* (A156482), *Concord Police Assn. v. City of Concord* (A156484)

[*] Pollak, P. J., Tucher, J., and Brown, J. participated in the decision.

| | |
|---|---|
| Trial court: | Contra Costa County Superior Court |
| Trial judge: | Honorable Charles "Steve" Treat |
| Counsel for plaintiffs and appellants: | RAINS LUCIA STERN ST. PHALLE & SILVER, PC<br>Michael L. Rains<br>Rockne A. Lucia, Jr.<br>Timothy K. Talbot<br>Zachery A. Lopes |
| Counsel for defendants and respondents: | CITY OF CONCORD<br>Joshua K. Clendenin<br><br>COUNTY OF CONTRA COSTA<br>Hannah M. Shafsky<br><br>CITY OF MARTINEZ<br>Mary Ann Mason<br><br>CITY OF RICHMOND<br>Bruce Goodmiller<br>Shannon Lee Moor<br><br>COLE HUBER LLP<br>Derek P. Cole<br><br>WALTER & PISTOLE APC<br>John A. Abaci<br>City of Martinez |
| Counsel for interveners and appellants: | CALIFORNIA FIRST AMENDMENT COALITION<br>David E. Snyder<br><br>AMERICAN CIVIL LIBERTIES UNION<br>Christine P. Sun<br><br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Tenaya Rodewald<br>James M. Chadwick |

Filed 3/12/19

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WALNUT CREEK POLICE OFFICERS' ASSOCIATION,<br><br>     Appellant,<br><br>v.<br><br>CITY OF WALNUT CREEK et al.,<br><br>     Respondents;<br><br>FIRST AMENDMENT COALITION et al.,<br><br>     Interveners.<br><br>[And five other cases.[*]] | A156477<br><br>(Contra Costa County<br>Super. Ct. No. N19-0109) |

THE COURT[*]:

The petitions for writ of supersedeas filed in these consolidated matters are denied. Appellants have not shown that "substantial questions will be raised on appeal." (*Smith v. Selma Community Hospital* (2010) 188 Cal.App.4th 1, 18.) The appeals center around amendments enacted this year to Penal Code section 832.7 that expand public access to certain peace officer records maintained by a state or local agency. (See Pen. Code, § 832.7, subd. (b)(1).) Appellants assert that applying the 2019 amendments to compel disclosure of records created prior to 2019 constitutes an improper retroactive application of the new law. For the reasons stated by the trial court, appellants' argument is without merit. Although the records may have been created prior to 2019, the event necessary to "trigger application" of the new law—a request for records maintained by an agency— necessarily occurs after the law's effective date. (*People v. Grant* (1999) 20 Cal.4th 150,

---

[*] A156479, A156480, A156481, A156482, A156484

[*] Pollak, P. J., Tucher, J., and Brown, J. participated in the decision.

1

157 ["the critical question for determining retroactivity usually is whether the last act or event necessary to trigger application of the statute occurred before or after the statute's effective date"].) The new law also does not change the legal consequences for peace officer conduct described in pre-2019 records. (See *ibid.* [application of new law is retroactive "only if it attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was completed before the law's effective date"].) Rather, the new law changes only the public's right to access peace officer records.

The temporary stay issued by this court on February 15, 2019, will expire at 5:00 p.m. on March 19, 2019.

Interveners' motion for calendar preference and expedited briefing is denied.


Date:  March 12, 2019                                        _____ P. J.