--------
*399 *941 The petitions for writ of supersedeas filed in these consolidated matters are denied. Appellants have not shown that "substantial questions will be raised on appeal." ( Smith v. Selma Community Hospital (2010) 188 Cal.App.4th 1, 18, 115 Cal.Rptr.3d 416.) The appeals center around amendments enacted this year to Penal Code section 832.7 that expand public access to certain peace officer records maintained by a state or local agency. (See Pen. Code, § 832.7, subd. (b)(1).) Appellants assert that applying the 2019 amendments to compel disclosure of records created prior to 2019 constitutes an improper retroactive application of the new law. For the reasons stated by the trial court, appellants' argument is without merit. Although the records may have been created prior to 2019, the event necessary to "trigger application" of the new law-a request for records *942 maintained by an agency-necessarily occurs after the law's effective date. ( People v. Grant (1999) 20 Cal.4th 150, 157, 83 Cal.Rptr.2d 295, 973 P.2d 72 ["the critical question for determining retroactivity usually is whether the last act or event necessary to trigger application of the statute occurred before or after the statute's effective date"].) The new law also does not change the legal consequences for peace officer conduct described in pre-2019 records. (See ibid . [application of new law is retroactive "only if it attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was completed before the law's effective date"].) Rather, the new law changes only the public's right to access peace officer records.
The temporary stay issued by this court on February 15, 2019, will expire at 5:00 p.m. on March 19, 2019.
Interveners' motion for calendar preference and expedited briefing is denied.