Filed 3/3/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VENTURA COUNTY DEPUTY SHERIFFS' ASSOCIATION,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>COUNTY OF VENTURA et al.,<br><br>Defendants and Respondents;<br><br>CLAUDIA Y. BAUTISTA, as Public Defender, etc.,<br><br>Intervener and Appellant. | 2d Civ. No. B300006<br>(Super. Ct. No. 56-2019-00523492-CU-WM-VTA)<br>(Ventura County) |

INTRODUCTION

Senate Bill No. 1421 (SB 1421) went into effect on January 1, 2019.  Among other things, it amended Penal Code section

832.7[1] to allow disclosure under the California Public Records Act (CPRA) of records relating to officer-involved shootings, serious use of force and sustained findings of sexual assault or serious dishonesty.[2]  (§ 832.7, subd. (b)(1).)  This statute renders the records non-confidential and applies to "any file maintained under [the] individual's name by his or her employing agency." (§ 832.8, subd. (a).)  Previously, these records could be accessed only through a *Pitchess*[3] motion pursuant to Evidence Code sections 1043 and 1045.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Specifically, section 832.7, subdivision (b)(1) applies to records relating to the report, investigation or finding of the following:  "An incident involving the discharge of a firearm at a person by a peace officer or custodial officer" (*id.*, subd. (b)(1)(A)(i)); "[a]n incident in which the use of force by a peace officer or custodial officer against a person resulted in death, or in great bodily injury" (*id.*, subd. (b)(1)(A)(ii)); "an incident in which a sustained finding was made by any law enforcement agency or oversight agency that a peace officer or custodial officer engaged in sexual assault involving a member of the public" (*id.*, subd. (b)(1)(B)(i)); and "an incident in which a sustained finding was made by any law enforcement agency or oversight agency of dishonesty by a peace officer or custodial officer directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any sustained finding of perjury, false statements, filing false reports, destruction, falsifying, or concealing of evidence" (*id.*, subd. (b)(1)(C)).

[3] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

The Ventura County Deputy Sheriffs Association (VCDSA) sued the County of Ventura and Bill Ayub, Sheriff of Ventura County (Sheriff), to enjoin section 832.7's application to records involving peace officer conduct and incidents occurring *before* January 1, 2019, the statute's effective date. The trial court issued a preliminary injunction.

In the meantime, our colleagues in the First District issued *Walnut Creek Police Officers' Assn v. City of Walnut Creek* (2019) 33 Cal.App.5th 940 (*Walnut Creek*), which rejected the assertion "that applying the 2019 amendments to compel disclosure of records created prior to 2019 constitutes an improper retroactive application of the new law." (*Id.* at p. 942.) The court found the "argument . . . without merit," reasoning that "[a]lthough the records may have been created prior to 2019, the event necessary to 'trigger application' of the new law – a request for records maintained by an agency – necessarily occurs after the law's effective date." (*Ibid*; see *Carlsbad Police Officers Assn v. City of Carlsbad* (2020) 49 Cal.App.5th 135, 144 & fn. 5 (*Carlsbad*).)

The trial court did not follow *Walnut Creek*. It concluded section 832.7 applies prospectively only, entered judgment for VCDSA and issued a permanent injunction. Claudia Y. Bautista, in her capacity as Public Defender of Ventura County (Public Defender), appeals.[4]

In the absence of a reason to depart from *Walnut Creek,* and for reasons stated in *Becerra v. Superior Court* (2020) 44

---

[4] The appeal originally was filed by Todd Howeth, who was then the Public Defender. Howeth recently retired and Bautista succeeded him.

Cal.App.5th 897 (*Becerra*), we reverse the judgment and dissolve the permanent injunction.

DISCUSSION

*Standard of Review*

We review statutory interpretation questions de novo. (*Jackson v. LegalMatch.com* (2019) 42 Cal.App.5th 760, 767.) "[O]ur primary goal is to determine and give effect to the underlying purpose of the law. [Citation.] 'Our first step is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning.' [Citation.] "'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history."' [Citation.] In other words, we are not free to 'give words an effect different from the plain and direct import of the terms used.' [Citations.] However, "'the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute."' [Citation.] To determine the most reasonable interpretation of a statute, we look to its legislative history and background." (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)

*The Trial Court Erred by Declining to Apply*

*Section 832.7 Retroactively*

The briefs filed by the parties and amici curiae raise a number of issues but focus primarily on retroactivity. VCDSA contends SB 1421's statutory amendments do not retroactively divest its members of their prior-acquired right to confidentiality in records documenting conduct and incidents occurring before

4

January 1, 2019.  The Public Defender and amici argue otherwise.[5]

The concept of retroactivity is not always easy to apply to a given statute.  (*Landgraf v. USI Film Products* (1994) 511 U.S. 244, 268 [128 L.Ed.2d 229]; *Quarry v. Doe I* (2012) 53 Cal.4th 945, 955.)  Courts must consider the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event.  (*Quarry*, at p. 955.)  Familiar considerations of fair notice, reasonable reliance and settled expectations offer sound guidance for determining whether a particular application of the statute is retroactive.  (*Id.* at pp. 955-956.)  Generally, a law has retroactive effect when it functions to change the legal consequences of a party's past conduct by imposing new or different liabilities based upon such conduct.  (*Id.* at p. 956.)

"[T]he critical question for determining retroactivity usually is whether the last act or event necessary to trigger application of the statute occurred before or after the statute's effective date.  [Citations.]  A law is not retroactive 'merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment.'  [Citation.]" (*People v. Grant* (1999) 20 Cal.4th 150, 157 (*Grant*).)

The Public Defender and amici contend the trial court was bound by *Walnut Creek*.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Decisions of every division of the District Courts of Appeal are binding upon all the . . .

_____

[5] The County of Ventura and its Sheriff "take no position regarding the merits of this appeal or the claims and arguments made by any other party hereto and intend to comply with the law, however it is construed."

5

superior courts of this state"].)  VCDSA claims *Walnut Creek* is non-binding because it was a summary denial of petitions for writ of supersedeas.  We agree the decision is procedurally atypical, but the court did analyze and decide the same issue presented here.

In denying the supersedeas petitions, *Walnut Creek* explained:  "The appeals center around amendments enacted this year to Penal Code section 832.7 that expand public access to certain peace officer records maintained by a state or local agency.  (See Pen. Code, § 832.7, subd. (b)(1).)  Appellants assert that applying the 2019 amendments to compel disclosure of records created prior to 2019 constitutes an improper retroactive application of the new law.  For the reasons stated by the trial court, appellants' argument is without merit.  Although the records may have been created prior to 2019, the event necessary to 'trigger application' of the new law – a request for records maintained by an agency – necessarily occurs after the law's effective date.  ([*Grant*, *supra*,] 20 Cal.4th [at p.] 157 ['[T]he critical question for determining retroactivity usually is whether the last act or event necessary to trigger application of the statute occurred before or after the statute's effective date'].)  The new law also does not change the legal consequences for peace officer conduct described in pre-2019 records.  (See *ibid*. [application of new law is retroactive 'only if it attaches new legal consequences to, or increases a party's liability for, an event, transaction, or conduct that was completed before the law's effective date'].)  Rather, the new law changes only the public's right to access peace officer records."  (*Walnut Creek*, *supra*, 33 Cal.App.5th at p. 942.)

In *Carlsbad*, the trial denied a petition for writ of mandate involving the same issue, concluding that SB 1421 applies to records of events occurring before January 1, 2019. (*Carlsbad*, *supra*, 49 Cal.App.5th at p. 144, fn. omitted.) The issue on appeal concerned attorney fees, but the Court of Appeal noted the trial court's ruling was consistent with *Walnut Creek*. (*Carlsbad*, at p. 144, fn. 5.)

Although *Becerra* does not address retroactivity, it broadly construed section 832.7 to "require[] disclosure of *all responsive records in the possession of the [custodian agency]*, regardless [of] whether the records pertain to officers employed by [that agency] or by another public agency and regardless [of] whether the [custodian agency] or another public agency created the records." (*Becerra*, *supra*, 44 Cal.App.5th at p. 910, italics added.) The court emphasized that the CPRA "must be 'broadly construed' because its statutory scheme 'furthers the people's right of access.' (Cal. Const., art 1, § 3, subd. (b)(2)." (*Becerra*, at p. 913.) The legislation also "balances the dual concerns for privacy and disclosure by providing for various exemptions that permit public agencies to refuse disclosure of certain public records. (Gov. Code, §§ 6254-6255.)" (*Id.* at p. 914.) These "exemptions are narrowly construed . . . , and the agency opposing disclosure bears the burden of proving an exemption applies." (*Ibid.*)

*Becerra* reiterated that "section 832.7 reflects continuing legislative concern for certain privacy and safety interests and competing public interests." (*Becerra, supra,* 44 Cal.App.5th at p. 916.) Among other things, it allows a responding agency to redact records "to remove personal data or information outside the name and work-related information of the officers; to preserve the anonymity of complainants and witnesses; to protect

7

confidential medical, financial, or other information whose disclosure is specifically prohibited by federal law or would cause an unwarranted invasion of personal privacy that outweighs the public's interest in the records; and where there is reason to believe that disclosure of the record would pose a significant danger to the physical safety of the officer or another person. (§ 832.7, subd. (b)(5)(A)-(D).)" (*Ibid.*) The statute also permits redaction of a record "where on the facts of the particular case, the public interest served by not disclosing the information clearly outweighs the public interest served by disclosure of the information." (§ 832.7, subd. (b)(6); Asimow et al., Cal. Practice Guide: Administrative Law (The Rutter Group 2020) ¶¶ 29:250.5-29:250.10, pp. 29-39 to 29-40; see also Gov. Code, § 6255, subd. (a); *Becerra*, at pp. 923-929.)

The Legislature's imposition of these safeguards undercuts VCDSA's argument that section 832.7 effectively eliminates an officer's privacy rights in records involving pre-January 1, 2019 conduct. To the contrary, the safeguards protect the officer's privacy when such protection is warranted. (See Gov. Code, § 6250 [The Legislature is "mindful of the right of individuals to privacy"]; *International Federation of Professional & Technical Engineers, Local 21, AFL-CIO v. Superior Court* (2007) 42 Cal.4th 319, 329.) It bears emphasis, however, that the records subject to disclosure under section 832.7 involve instances of egregious peace officer misconduct. The Legislature has determined the public's right to discover such misconduct generally overrides privacy concerns. (*Becerra, supra,* 44 Cal.App.5th at p. 921.)

Specifically, the Legislature enacted SB 1421 in response to its perception that California was "one of the most secretive states in the nation in terms of openness when it comes to officer

misconduct and uses of force." (Sen. Rules Com., Off. Of Sen. Floor Analyses, Sen Bill No. 1421 (2017-2018 Reg. Sess.) as amended August 23, 2018, p. 8.)  As *Becerra* summarizes, "the legislative intent behind SB 1421 was to provide transparency regarding instances of an officer's use of significant force and sustained findings of officer misconduct by allowing public access to officer-related records maintained either by law enforcement employers or by any state or local agency with independent law enforcement oversight authority.  Moreover, in amending section 832.7, the Legislature sought to afford the public 'the right to know all about serious police misconduct,' to stop concealing incidents where an officer violated civilian rights, and to 'address and prevent abuses and weed out the bad actors.' (Stats. 2018, ch. 988, § 1 (Sen. Bill No. 1421); Assem. Com. on Public Safety Rep., supra, p. 4.)" (*Becerra*, *supra*, 44 Cal.App.5th at p. 921.) These legislative goals are best promoted by requiring disclosure of all responsive records regardless of when they were created or when the conduct occurred.

The Legislature also was aware when it enacted SB 1421 that it would be applied to pre-January 1, 2019 records.  The original committee report highlighted law enforcement concerns about its application to those records:  "[O]ur reading of Senate Bill 1421 is that making the records of an officer's lawful and in policy conduct is retroactive in its impact. . . .  [R]ecords are available for public inspection irrespective of whether or not they occurred prior to the effective date of SB 1421." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1421 (2017-2018 Reg. Sess.) Apr. 2, 2018.)  By enacting SB 1421 without restricting its application to post-January 1, 2019 records, conduct and incidents, the Legislature expressed its intent to allow retroactive

application.  (See *Preston v. State Bd. of Equalization* (2001) 25 Cal.4th 197, 222-223 [where Legislature was warned certain language might be interpreted as applying the law retroactively, and enacted the law without alteration, legislative history evidenced intent to apply the law retroactively].)

Accordingly, we agree with *Walnut Creek* that section 832.7 does not attach new legal consequences to or increase a peace officer's liability for conduct that occurred before the statute's effective date.  (*Walnut Creek*, *supra*, 33 Cal.App.5th at p. 942.) Because the statute merely broadens the public's right to access records regarding that conduct, it applies retroactively.  (*Ibid.*)

DISPOSITION

The judgment is reversed and the permanent injunction is dissolved.  In the interests of justice, the parties shall bear their own costs on appeal.

CERTIFIED FOR PUBLICATION.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


10

Henry J. Walsh, Judge
Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, Michael C. McMahon, Senior Deputy Public Defender, for Intervener and Appellant.

Rains Lucia Sterm St. Phalle & Silver, Richard A. Levine and Brian P. Ross, for Plaintiff and Respondent.

Leroy Smith, County Counsel, Emily T. Gardner, Assistant County Counsel, for Defendants and Respondents.

David E. Snyder; Sheppard, Mullin, Richter & Hampton, James M. Chadwick, Tenaya Rodewald, Andrea Feathers, for Amicus Curiae First Amendment Coalition.

Law Offices of Kelly A. Aviles, Kelly A. Aviles; Jeff Glasser for Amici Curiae Los Angeles Times Communications, LLC, The Associated Press, and Scripps NP Operating, LLC, publisher of the Ventura County Star.

Allyssa Victory Villanueva, Amy Gilbert; Peter Bibring, Melanie P. Ochoa, Rekha Arulanantham; Law Offices of Michael Risher, Michael Risher; and Munger, Tolles & Olson, Jacob S. Kreilkamp, for Amici Curiae American Civil Liberties Union of Northern California and of Southern California.